[781 NYS2d 153]

In the Matter of SEAN M. BUNTING, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 23, 2004

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset (*Dianne M. Saccone* of counsel), for petitioner.

*John Ray*, Miller Place, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing four charges of professional misconduct. In his answer, he admitted in part, and denied in part, the factual allegations contained in the petition. The petitioner's case consisted of two witnesses and 15 exhibits. The respondent testified on his own behalf and admitted all of the factual allegations contained in the petition. At the conclusion of the hearing, the Special Referee sustained the charges. The petitioner now moves to confirm the report of the Special Referee. The respondent opposes the petitioner's motion.

Charge One alleges that the respondent knowingly created and used false evidence, in violation of Code of Professional Responsibility DR 7-102 (a) (4) and (6) (22 NYCRR 1200.33 [a] [4], [6]) and DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

In June 1998, the respondent was retained by A. Kirsten Gallardo in connection with a personal injury matter. On August 6, 1998, he purchased an index number and filed a summons and complaint on Ms. Gallardo's behalf in the Supreme Court, Nassau County. On May 10, 1999, he represented Ms. Gallardo at an examination before trial and subsequently received a transcript thereof. On April 11, 2000, he signed Ms. Gallardo's name on the signature line of the transcript and notarized the same without her knowledge or consent. On April 14, 2000, he signed Ms. Gallardo's name on an affidavit without her knowledge or consent.

On April 15, 2000, Ms. Gallardo presented herself to Dr. Frank D. Cohen for evaluation of her medical condition in connection with her personal injury action. On April 17, 2000, Dr. Cohen sent his medical report to the respondent, who altered it by deleting Dr. Cohen's signature, inserting an additional paragraph, signing Dr. Cohen's name, and notarizing the same without Dr. Cohen's knowledge or consent.

In April 2000, the respondent filed an affirmation in opposition to the defendant's cross motion for summary judgment in the Supreme Court, Nassau County. In support thereof, he annexed the aforementioned altered transcript of Ms. Gallardo's examination before trial, her altered affidavit, and the altered medical report. The respondent knew when he filed the affirmation in opposition that those documents were false.

On June 15, 2000, Ms. Gallardo's case was dismissed for failing to submit evidence in admissible form raising a triable issue of fact. The respondent did not notify Ms. Gallardo that her case was dismissed. On July 14, 2000, he filed a notice of appeal on behalf of Ms. Gallardo without informing her. On February 28, 2001, he perfected the appeal and filed the record on appeal, which included copies of the three aforementioned false documents. The respondent knew when he perfected the appeal and filed the record that those documents were false. Moreover, he failed to notify Ms. Gallardo that he had perfected the appeal.

Between April 2000 and February 2001, the respondent failed to respond to repeated inquiries by Ms. Gallardo. In March 2001, she contacted a new attorney to ascertain the status of her legal matter and was advised for the first time about the dismissal and the false signature.

Charge Two alleges that, based on the foregoing factual allegations, the respondent knowingly violated his duties and obligations as a licensed notary public, in violation of Executive Law § 135-a and Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Charge Three alleges that, based on the foregoing factual allegations, the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Four alleges that the respondent knowingly made false statements under oath, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

On May 25, 2001, the respondent appeared at the petitioner's offices and testified under oath about the Gallardo matter. The signature page of Ms. Gallardo's examination before trial was marked and identified as "Committee Exhibit 12." In response to questions by the petitioner's counsel, the respondent gave the following answers:

"Q. Okay, Mr. Bunting, I would like to direct your attention to what's been labeled Committee's Exhibit 12, which is a copy of the May 10, 1999 transcript deposition of that date and I will direct your attention to page 52 of this document.

"A. Okay.

"Q. Now, Mr. Bunting, can you tell me what that page indicates to you?

"A. It's the signature page of the transcript; that's correct.

"Q. It's dated what date?

"A. April 11, 2000. The notary—it was notarized 4-11-00.

"Q. It was notarized April 11th of 2000?

"A. That's my notary stamp.

"Q. It includes your signature?

"A. That's correct, my signature.

"Q. Did Ms. Gallardo appear before you on that date and sign this document?

"A. She did not. *She mailed it back.*

"Q. It's your testimony that she mailed it back to you?

"A. *She mailed the transcript back, that's correct.* . . .

"Q. When this document was, in fact, returned to you, was there a signature?

"A. *Yes.* . . .

"Q. Mr. Bunting, I ask you a question and I advise that you be truthful in your answer, your response. Mr. Bunting, did you sign that signature?

"A. *No, I didn't sign the signature.*

"Q. Do you know if anyone else signed that signature other than Ms. Gallardo?

"A. *I don't know.*

"Q. Mr. Bunting, yes or no, do you know—

"A. *No.*

"Q. (Continuing)—if anyone else signed that signature other than Ms. Gallardo?

"A. *I don't know that.*" (Emphasis supplied.)

The respondent knew or should have known that the noted testimony was false and misleading in that he knew the subject document was the one he had falsely created, falsely signed, and

falsely notarized. On September 6, 2001, the respondent appeared at the petitioner's offices for a continuation of his examination under oath and admitted that he signed Ms. Gallardo's name on the transcript of her examination before trial.

Based on the evidence adduced at the hearing, including the respondent's admissions, the Special Referee properly sustained all four charges.

In opposition to the petitioner's motion to confirm the report of the Special Referee, the respondent does not dispute his guilt. Rather, he asks the Court to consider the following: He did not alter the substantive testimony of Ms. Gallardo or Dr. Cohen. He reimbursed Ms. Gallardo for any damages she suffered. No funds belonging to clients were converted. He alleges that his poor judgment was the result of an attempt to help his client, and that he was not motivated by a desire for personal gain. At the time of his misconduct, he alleges that he was overwhelmed with cases due to the breakup of his partnership and his working 70 hours a week. Moreover, he suffered severe distress in 2000 due to the fact that his brother-in-law died and his sister went into a coma on their honeymoon, causing his steady abuse of alcohol thereafter. Finally, he voluntarily went to the United States Attorney's office and submitted himself for prosecution, but the United States Attorney has not prosecuted him.

The respondent's prior disciplinary history consists of two letters of admonition and a letter of caution.

Under the totality of the circumstances, the respondent is disbarred for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sean M. Bunting, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Sean M. Bunting, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sean M. Bunting, is commanded to

desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Sean M. Bunting, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).